UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TIMOTHY J. DESHAZER,           ) | |
| )                              | |
| Plaintiff,       ) | |
| )                              | |
| v.                             ) | |
| )                              Case No. 09-1095 |
| TRACE L. RABERN,               ) | |
| )                              | |
| Defendant.       ) | |

### ORDER

After a cursory review of Plaintiff Timothy J. DeShazer's Complaint, the Court was unclear as to why it had jurisdiction over what appeared to be a legal malpractice claim against Plaintiff's attorney, Trace L. Rabern.[1]  In an Order dated March 17, 2009, the Court directed Plaintiff to file a brief explaining why this Court had jurisdiction over his claim.  Plaintiff responded in a letter dated March 21, 2009. For the reasons stated below, the Court DISMISSES Plaintiff's Complaint for lack of jurisdiction.

### DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Plaintiff's Complaint failed to indicate the particular statute that made jurisdiction proper and instead stated that the statute was "unknown to [him]."

Fed. R. Civ. P. 8(a).  In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It appears from the Complaint that Plaintiff is unsatisfied with his attorney's legal representation and that, primarily, Plaintiff wants this Court to "quickly stop Trace L. Rabern from representing [him] before the U.S. Supreme Court."  In addition, Plaintiff "request[s] the Court [to] establish liens on Trace L. Rabern's assets." (Compl. 8).  In the letter Plaintiff wrote in order to clarify his Complaint, he merely states, "I need a lawyer to deal with this 'jurisdiction' issue you mention in your order." (Letter, 5).

The Court finds that Plaintiff fails to explain why it has jurisdiction over this cause of action.  "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (internal citation omitted).

After reviewing the Complaint and Plaintiff's letter, the Court does not find that it has jurisdiction over this action.  Accordingly, Plaintiff's Complaint is DISMISSED for lack of jurisdiction.

ENTERED this 2nd day of April, 2009.

        /s Michael M. Mihm
        Michael M. Mihm
        United States District Judge